CARNEY BATES & PULLIAM, PLLC
Joseph Henry (Hank) Bates, III (SBN 167688)
hbates@cbplaw.com
Lee Lowther (*pro hac vice* forthcoming)
llowther@cbplaw.com
Courtney E. Ross (*pro hac vice* forthcoming)
cross@cbplaw.com
519 W. 7th St.
Little Rock, AR, 72201
Tel. 501-312-8500
Fax 501-312-8505

LIEFF CABRASER HEIMANN &
BERNSTEIN, LLP
Douglas I. Cuthbertson (*pro hac vice* forthcoming)
dcuthbertson@lchb.com
250 Hudson Street, 8th Floor
New York, NY    10013
Telephone: 212-355-9500
Facsimile: 212-355-9592

LIEFF CABRASER HEIMANN &
BERNSTEIN, LLP
Michael W. Sobol (SBN 194857)
msobol@lchb.com
275 Battery Street, 29th Floor
San Francisco, CA 94111-3339
Telephone: 415-956-1000
Facsimile: 415-956-1008

*Attorneys for Plaintiffs*

# UNITED STATES DISTRICT COURT
## NORTHERN DISTRICT OF CALIFORNIA

*San Francisco Division*

| | |
|---|---|
| ALICIA NICKERSON, and CHRISTY EMERSON on behalf of themselves and all others similarly situated,<br><br>     Plaintiffs,<br><br>v.<br><br>PHILO, INC.,<br>     Defendant. | Case No.<br><br>**CLASS ACTION COMPLAINT** |

Plaintiffs Alicia Nickerson and Christy Emerson, individually and on behalf of all other similarly situated persons ("Plaintiffs"), bring this action against Philo, Inc. ("Philo" or "Defendant") for its violations of the federal Video Privacy Protection Act, 18 U.S.C. § 2710 ("VPPA" or "the Act"). Plaintiffs' claims arise from Defendant's practice of knowingly disclosing to a third party, Meta Platforms, Inc., formerly known as Facebook, Inc. ("Facebook"), "personally identifiable information" ("PII") about the videos Plaintiffs and similarly situated subscribers obtain from Defendant's websites and applications (collectively "websites"). Plaintiffs' allegations are made on personal knowledge as to Plaintiffs and Plaintiffs' own acts and upon information and belief as to all other matters.

## NATURE OF THE CASE

1.      This is a consumer privacy class action against Philo for disclosing its digital subscribers' identities and the specific video materials they obtained from Defendant's website to Facebook, in violation of the VPPA.

2.      Philo is "engaged in the business . . . of rental, sale, or delivery of prerecorded video cassette tapes or similar audiovisual materials," thus bringing it within the VPPA's definition of "video tape service provider." 18 U.S.C. § 2710(a)(4). Specifically, Philo operates a digital subscription service where subscribers may view television shows and movies from the more than 60 networks available on the Philo platform.

3.      The VPPA prohibits "video tape service providers," such as Philo, from "knowingly disclos[ing]" consumers' PII, including "information which identifies a person as having requested or obtained specific video materials or services from a video tape service provider."

4.      Philo violates the VPPA by disclosing the specific videos its subscribers have requested or obtained to Facebook. Defendant discloses this information to Facebook using the "Facebook Pixel" or "Pixel"—a snippet of programming code Philo chose to install on its websites that sends information to Facebook. In this case, the information shared with Facebook

-1-

includes the subscriber's Facebook ID ("FID") coupled with the title of the video that the subscriber watched on the Philo website.

5.     A subscriber's FID is a unique sequence of numbers linked to that individual's Facebook profile. Entering "facebook.com/[FID]" into a web browser returns the Facebook profile of that particular person. Thus, the FID identifies a person more precisely than a name.

6.     Philo discloses the subscriber's FID and viewing content to Facebook together in a single transaction. Because the subscriber's FID uniquely identifies an individual's Facebook account, Facebook—or any other person—can use the FID to quickly and easily locate, access, and view a particular subscriber's corresponding Facebook profile. In the simplest terms, the Pixel installed by Defendant captures and discloses to Facebook what video a specific subscriber viewed on the Philo website.

7.     On behalf of themselves and all similarly situated Philo subscribers, Plaintiffs seek an order enjoining Philo from further unauthorized disclosures of subscribers' PII; awarding liquidated damages in the amount of $2,500 per violation, attorneys' fees, and costs; and granting any other preliminary or equitable relief the Court deems appropriate.

## PARTIES

8.     Plaintiff Alicia Nickerson is a citizen and resident of the State of Illinois.

9.     In the two years before this action was filed, Plaintiff used her Internet-connected device and web-browsing software ("browser") installed on that device to visit and watch video content on Defendant's website.

10.    Plaintiff Christy Emerson is a citizen and resident of the State of North Carolina.

11.    In the two years before this action was filed, Plaintiff used her Internet-connected device and browser installed on that device to visit and watch video content on Defendant's website.

12.    Defendant Philo is a California Corporation with its headquarters in San Francisco, California. Philo's offices are located at 225 Green Street, San Francisco, CA 94111.

## JURISDICTION AND VENUE

-2-

13.     This Court has personal jurisdiction over Philo because it is incorporated and has its principal place of business in California.

14.     This court has subject matter jurisdiction over this action pursuant to 28 U.S.C. § 1331.

15.     Venue is appropriate in this Court because Philo resides in this District and Division.

## COMMON FACTUAL ALLEGATIONS

### I.   Background of the VPPA

16.     With certain exceptions that are inapplicable here, the VPPA prohibits "a video tape service provider" from "knowingly disclos[ing], to any person, personally identifiable information concerning any consumer of such provider[.]" 18 U.S.C. § 2710(b)(1).

17.     The VPPA was passed in 1988 for the explicit purpose of protecting the privacy of individuals' and their families' video rental, purchase, and viewing data. Leading up to its enactment, members of the United States Senate warned that "[e]very day Americans are forced to provide to businesses and others personal information without having any control over where that information goes." S. Rep. No. 100-599 at 7-8 (1988).

18.     These statements were true in 1988 when the VPPA was passed, and the importance of legislation like the VPPA in the modern era of datamining is more pronounced than ever before. During a recent Senate Judiciary Committee meeting, "The Video Privacy Protection Act: Protecting Viewer Privacy in the 21st Century," Senator Patrick Leahy emphasized that point by stating: "While it is true that technology has changed over the years, we must stay faithful to our fundamental right to privacy and freedom. Today, social networking, video streaming, the 'cloud,' mobile apps and other new technologies have revolutionized the availability of Americans' information."[1]

---

[1] The Video Privacy Protection Act: Protecting Viewer Privacy in the 21st Century, Senate Judiciary Committee Subcommittee on Privacy, Technology and the Law, https://www.judiciary.senate.gov/meetings/the-video-privacy-protection-act-protecting-viewer-privacy-in-the-21st-century.

CLASS ACTION COMPLAINT
CASE NO.

19.     In this case, Defendant chose to deprive Plaintiffs and Class members of that right by systematically disclosing their PII to Facebook.

**II.   Philo Designed its Website to Disclose Users' PII, Including Video Viewing Activity, to Facebook.**

20.     Philo operates a website in the U.S., accessible from a desktop and mobile device at https://www.philo.com/.

21.     In programing its website, Philo installed the Facebook Pixel, thus making the knowing choice to track subscribers' PII and send it to Facebook.

22.     Philo allows consumers to become digital subscribers to its streaming-video platform and content through its website. To subscribe, the consumer must provide his or her name, email address, billing address, and credit- or debit-card information.

23.     After completing the subscription process and gaining access to Defendant's videos, Philo discloses to Facebook, through the Facebook Pixel, the FID of the subscriber and the specific video the subscriber viewed.

**III.   How Philo Discloses Digital Subscribers' PII.**

24.     Businesses have the option of installing the Facebook Pixel on their websites. Doing so enables the business to collect information about how users interact with the business's website, such as whether they initiate purchases on the website, what items they look at, and, relevant here, the content the users view on a particular webpage.

25.     The Facebook Pixel is a unique string of code businesses can embed on their websites allowing them to track consumers' actions and report the actions back to Facebook.

26.     The Pixel can follow a consumer to different websites and across the Internet even after clearing of browser history.

27.     The Pixel allows Facebook to build detailed profiles about a website's users as those users browse the web so that targeted advertisements can be served upon the users.[2]

---

[2] THE MARKUP, *How We Built a Meta Pixel Inspector*. https://themarkup.org/show-your-work/2022/04/28/how-we-built-a-meta-pixel-inspector (last visited June 22, 2022).

-4-

CLASS ACTION COMPLAINT
CASE NO.

28.     To take advantage of advertising and information services offered by Facebook, Defendant programmed the Philo website to include a Facebook Pixel.

29.     When a Philo subscriber watches videos on Defendant's website, the Pixel installed by Defendant sends to Facebook certain information about the viewer and what the viewer watched. Specifically, Philo sends to Facebook the video content name, its URL, and the subscriber's FID.

30.     An FID is a unique and persistent identifier that Facebook assigns to each of its users. With it, anyone can look up the user's unique Facebook profile. Simply put, with only an FID and the video content name and URL—all which Defendant knowingly provides to Facebook—any ordinary person could learn the identity of the digital subscriber and the specific video or media content he requested on the Philo website.

31.     Defendant could easily program its website so that this information is not disclosed to Facebook.

32.     At all relevant times, Defendant knew that the Facebook Pixel disclosed PII to Facebook. This is evidenced from, among other things, the functionality of the Pixel, including that the Pixel's sharing of information with Facebook enabled Defendant's website to show targeted advertising to its digital subscribers based on the content those digital subscribers had viewed on the website, including videos.

33.     As relevant here, Philo disclosed to Facebook the video title and FID in a single transmission, through the Facebook Pixel as depicted below[3]:

---

[3] For the purposes of demonstrating in this Complaint Philo's practice of sharing consumers personally identifying information, an exemplary account for "Georgey Irons" was created and utilized.

CLASS ACTION COMPLAINT
CASE NO.



*Figure 1*

34.     In this example, Georgey Irons is watching Defendant's video entitled "Tyler Perry's House of Payne."

35.     The FID is displayed in the "c_user" code. In this example the code is 100083934069025:



*Figure 3*

36.     In this example, the disclosure of the FID is coupled with the title of the video the subscriber watched along with the URL for the video:



*Figure 4*

CLASS ACTION COMPLAINT
CASE NO.

37.     Any person can specifically identify the user viewing the "Tyler Perry's House of Payne" video by simply entering "facebook.com/100083934069025" into their search bar:



*Figure 5*

38.     Upon pressing enter or search, the following page automatically appears:



*Figure 6*

39. Philo violates the VPPA by knowingly disclosing subscribers' FIDs, together with their viewing content, to Facebook.

**PLAINTIFF-SPECIFIC ALLEGATIONS**

40.     Plaintiff Alicia Nickerson was a Philo subscriber until late 2021 and is a Facebook user.

41.     Ms. Nickerson consistently paid Philo a subscription fee during her subscription period.

42.     Ms. Nickerson watched video content through her Philo subscription in the two years preceding the filing of this action.

CLASS ACTION COMPLAINT
CASE NO.

43.     Plaintiff had a Facebook account during the time she was a Philo subscriber. Philo disclosed to Facebook her FID coupled with the title of the videos she watched and the URLs to access those videos.

44.     Each time Defendant disclosed her PII to Facebook, it violated her rights under the VPPA.

45.     Plaintiff Christy Emerson has been a Philo subscriber since 2019 and is currently a Philo subscriber. Plaintiff is also a Facebook user.

46.     Ms. Emerson has consistently paid Philo a subscription fee throughout her subscription period.

47.     Ms. Emerson watched video content through her Philo subscription in the two years preceding the filing of this action.

48.     Plaintiff had a Facebook account during the time she was a Philo subscriber. Philo disclosed to Facebook her FID coupled with the title of the videos she watched and the URLs to access those videos.

49.     Each time Defendant disclosed her PII to Facebook, it violated her rights under the VPPA.

## CLASS ALLEGATIONS

50.     Plaintiffs bring this lawsuit under the Rules 23(a) and (b) of the Federal Rules of Civil Procedure on behalf of the following Class:

> All persons in the United States who subscribed to Philo, viewed video content on a website or application operated by Philo, and used Facebook during the time Facebook's Pixel was active on Philo.

51.     The "Class Period" is from September 1, 2020, to the present.

52.     Excluded from the Class is Defendant, any controlled person of Defendant, as well as the officers and directors of Defendant and the immediate family members of any such person. Also excluded is any judge who may preside over this cause of action and the immediate

CLASS ACTION COMPLAINT
CASE NO.

family members of any such person. Plaintiffs reserve the right to modify, change, or expand the Class definition based upon discovery and further investigation.

53.    **Numerosity**: The Class consists of at least hundreds of individuals, making joinder impractical.

54.    **Commonality and Predominance**: Common questions of law and fact exist with regard to the claim and predominate over questions affecting only individual Class members. Questions common to the Class include:

    A.    Whether Philo knowingly disclosed Plaintiffs' and Class members' PII to Facebook;

    B.    Whether Philo's conduct violates the Video Privacy Protection Act, 18 U.S.C. § 2710; and

    C.    Whether Philo should be enjoined from disclosing Plaintiffs' and Class members' PII.

55.    **Typicality:** Plaintiffs' claims are typical of the claims of the Class members in that Plaintiffs, like all Class members, have been injured by Philo's misconduct—disclosing consumers' PII to Facebook.

56.    **Adequacy of Representation**: Plaintiffs will fairly and adequately represent and protect the interests of the Class. Plaintiffs have retained counsel with substantial experience in prosecuting complex litigation and class actions, including privacy-protection cases. Plaintiffs do not have any interests antagonistic to those of the Class.

57.    **Superiority:** A class action is superior to other available methods for the fair and efficient adjudication of this controversy. Class-wide damages are essential to induce Philo to comply with federal law. Moreover, because the amount of each individual Class member's claim is small relative to the complexity of the litigation, and because of Philo's financial resources, Class members are unlikely to pursue legal redress individually for the violations detailed in this complaint. A class action will allow these claims to be heard where they would otherwise go

-9-

unheard because of the expense of bringing individual lawsuits, and provides the benefits of adjudication, economies of scale, and comprehensive supervision by a single court.

**CAUSE OF ACTION**
**Violation of the Video Privacy Protection Act**
**18 U.S.C. § 2710**

58.     Plaintiffs incorporate and reallege the above factual allegations by reference.

59.     The VPPA prohibits a "video tape service provider" from knowingly disclosing "personally identifying information" concerning any "consumer" to a third-party without the "informed, written consent (including through an electronic means using the Internet) of the consumer." 18 U.S.C. § 2710.

60.     As defined in 18 U.S.C. § 2710(a)(4), a "video tape service provider" is "any person, engaged in the business, in or affecting interstate or foreign commerce, of rental, sale, or delivery of prerecorded video cassette tapes or similar audiovisual materials[.]" Philo is a "video tape service provider" as defined in 18 U.S.C. § 2710(a)(4) because it is engaged in the business of delivering audiovisual materials that are similar to prerecorded video cassette tapes and those sales affect interstate or foreign commerce.

61.     As defined in 18 U.S.C. § 2710(a)(1), a "'consumer' means any renter, purchaser, or subscriber of goods or services from a video tape service provider." As alleged above, Plaintiffs and Class members are subscribers to Defendant's service of providing video content. Thus, Plaintiffs and Class members are "consumers" under this definition.

62.     As defined in 18 U.S.C. § 2710(a)(3), "'personally identifiable information' includes information which identifies a person as having requested or obtained specific video materials or services from a video tape service provider."

63.     Philo knowingly disclosed Plaintiffs' and Class members' PII—specifically, their FIDs and the title and URL of the videos they requested or obtained—to Facebook.

64.     This information constitutes personally identifiable information under 18 U.S.C. § 2710(a)(3) because it identified Plaintiffs and each Class member to Facebook as an individual

-10-

who viewed Defendant's video content, including the specific video materials watched on Defendant's website. Indeed, anyone with an FID could identify the individual associated with it simply by entering "facebook.com/[FID]" into a web browser.

65.     Defendant never obtained from Plaintiffs, or any Class member, informed, written consent. More specifically, Defendant never obtained from Plaintiffs or any Class member informed, written consent in a form distinct and separate from any form setting forth other legal or financial obligations of the consumer; Defendant never obtained from Plaintiffs or any Class member informed, written consent that, at the election of the consumer, was given at the time the disclosure is sought or was given in advance for a set period of time, not to exceed two years or until consent is withdrawn by the consumer, whichever is sooner; and Defendant never provided an opportunity, in a clear and conspicuous manner, for Plaintiffs or any Class member to withdraw consent on a case-by-case basis or to withdraw consent from ongoing disclosures, at the consumer's election. *See* 18 U.S.C. § 2710(b)(2).

66.     Defendant's disclosures were made knowingly, as it programmed the Facebook Pixel into its website code, knowing that Facebook would receive video titles and the subscriber's FID when a subscriber watched a video.

67.     By disclosing Plaintiffs' and Class members' PII, Philo violated Plaintiffs' and Class members' statutorily protected right to privacy in their video-watching habits. 18 U.S.C. § 2710(c).

68.     As a result of these violations, Philo is liable to Plaintiffs and Class members.

69.     On behalf of herself and all members of the Class, Plaintiffs seek to enjoin Defendant's disclosures of PII; liquidated damages in the amount of $2,500 per violation; reasonable attorneys' fees and costs; and all other preliminary or equitable relief the Court deems appropriate. 18 U.S.C. § 2710(c)(2)(A).

**PRAYER FOR RELIEF**

WHEREFORE, Plaintiffs, individually and on behalf of all others similarly situated, respectfully request that the Court:

CLASS ACTION COMPLAINT
CASE NO.

i.      Certify this case as a class action, and appoint Plaintiffs as Class Representatives and the undersigned attorneys as Class Counsel;

ii.     Enter judgment in favor of Plaintiffs and the Class;

iii.    Enjoin Defendant's future disclosures of Plaintiffs' and Class members' PII;

iv.    Award Plaintiffs and Class members liquidated damages they are entitled to under the VPPA;

v.     Award Plaintiffs and Class members pre- and post-judgment interest as provided by law;

vi.    Award Plaintiffs and Class members reasonable litigation expenses and attorneys' fees as permitted by law; and

vii.   Award such other and further relief as the Court deems necessary and appropriate.

## DEMAND FOR JURY TRIAL

Plaintiffs demand a trial by jury of all issues triable as of right.

Dated: September 1, 2022

Respectfully submitted,

*Joseph Henry (Hank) Bates, III*
Joseph Henry (Hank) Bates, III (SBN 167688)
Lee Lowther (*pro hac vice* forthcoming)
Courtney E. Ross (*pro hac vice* forthcoming)
CARNEY BATES & PULLIAM, PLLC
519 W. 7th Street
Little Rock, AR 72201
(501) 312-8500
(501) 312-8505
hbates@cbplaw.com
llowther@cbplaw.com
cross@cbplaw.com

Michael W. Sobol (SBN 194857)
msobol@lchb.com
LIEFF CABRASER HEIMANN &
BERNSTEIN, LLP
275 Batter Street, 29th Floor
San Francisco, CA 94111-3339

-12-

CLASS ACTION COMPLAINT
CASE NO.

Telephone: 415.956.1000
Facsimile: 415.956.1008

Douglas I. Cuthbertson (*pro hac vice* forthcoming)
dcuthbertson@lchb.com
LIEFF CABRASER HEIMANN &
BERNSTEIN, LLP
250 Hudson Street, 8th Floor
New York, NY 10013-1413
Telephone: 212.355.9500
Facsimile: 212.355.9592

*Attorneys for Plaintiffs*

-13-

CLASS ACTION COMPLAINT
CASE NO.